IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-8 |
| | ) | |
| KEVIN KEITH ARMSTRONG, | ) | (VARLAN/SHIRLEY) |
| CONSTANCE MOORE, | ) | |
| CALVIN LORENZO PRESCO, | ) | |
| MELVIN GARLAND, and | ) | |
| GENESE AMANDA ALSTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 7, 2011, for an arraignment on the Superseding Indictment, a pretrial conference, and a motion hearing on Defendant Constance Moore's Motion to Extend Plea Deadline [Doc. 56] and Defendant Calvin Lorenzo Presco's Motion to Continue Trial and Extend Motion Cutoff Deadline [Doc. 57], both of which were filed on April 4, 2011. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Kim A. Tollison represented Defendant Kevin Keith Armstrong. Attorney Theodore R. Kern appeared on behalf of Defendant Moore. Attorney Joseph A. Fanduzz represented Defendant Presco. Attorney Wayne Stambaugh was appointed to represent Defendant Melvin Garland. Attorney Karmen L. Waters appeared on behalf of Defendant Genese Amanda Alston. All

1

Defendants appeared along with counsel, with the exception of Defendant Alston, whose presence was excused.

Defendant Presco asks to continue the April 18, 2011 trial date to allow his attorney sufficient time to prepare the case for trial. The motion states that counsel needs additional time to review voluminous discovery, to investigate the case, and to complete trial preparations. At the hearing, Attorney Fanduzz stated that Defendant Presco had entered the case approximately two weeks earlier and that he had received the discovery about one week ago. With the trial only eleven days away, counsel did not have sufficient time to determine the necessity of pretrial motons or to prepare for trial. Mr. Fanduzz stated that he had discussed the matter with Defendant Presco, who agreed with the need for a continuance. The Court questioned Defendant Presco, who confirmed that he wanted a trial continuance and that he understood that he would remain in custody pending the new trial date.

Defendants Moore, Garland, and Alston had no objection to a trial continuance. The Court observed that Defendant Garland had entered the case that day and Defendant Alston had entered the day before. Neither attorney had received discovery yet, and both Mr. Stambaugh and Ms. Waters stated that they needed additional time to prepare for trial. All three Defendants had no objection to a continuance, and Mr. Garland understood that he would remain in detention until his detention hearing on the following day. Finally, Attorney Tollison stated that while Defendant Armstrong was ready to go to trial on April 18, he understood that all the defendants in a case generally proceed to trial at the same time and did not object to the continuance requested by his codefendants. The Court also confirmed with Defendant Armstrong that he did not object to a continuance and that he understood that he would remain in custody until the new trial date. The

Government likewise did not object to a trial continuance. The parties agreed on a new trial date of August 30, 2011.

The Court finds Defendant Presco's Motion to Continue [Doc. 57] to be well taken and unopposed and that that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court finds that to require Defendants Garland and Alston to proceed to trial less than two weeks from their entry into the case would violate the Speedy Trial Act, 18 U.S.C. § 3161(c)(2) (requiring that the trial not commence less than thirty days from the defendant's first appearance with counsel) and would constitute a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i). Moreover, the Court observes that Defendant Presco entered the case on March 15, 2011, and his attorney has only had the discovery for one week. Counsel for Defendants Presco, Garland, and Alston need time to review the discovery and to prepare any pretrial motions. Once the Court hears the pretrial motions, it will need time to rule upon them and counsel will need time to prepare for trial in light of these rulings. Accordingly, the Court finds that the failure to grant a continuance would deprive counsel for Defendants Presco, Garland, and Alston of the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

3

States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to a codefendant, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Defendants Armstrong and Moore are joined for trial with Defendants Presco, Garland, and Alston, and no motion for severance has been filed. Defendant s Garland and Alston have only just entered the case and that Defendant Presco entered the case just over three weeks ago. The Court finds that the four and one-half month delay caused by Defendants Presco, Garland, and Alston's need to receive and review discovery, prepare and litigate any pretrial motions, and to prepare for trial to be reasonable. Additionally, Defendant Moore has requested [Doc. 56] additional time to investigate the facts of this case in order to determine if a plea agreement is advisable. Accordingly, the delay caused by Defendants Presco, Garland, and Alston is also attributable to Defendants Armstrong and Moore. 18 U.S.C. § 3161(h)(6).

4

Thus, Defendant Presco's Motion to Continue [**Doc. 57**] is **GRANTED**, and the trial of this matter is reset to **August 30, 2011**. The Court also finds that all the time between the filing of Defendant Presco's motion on April 4, 2011, and the new trial date of August 30, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(6), & -(7)(A)-(B). With regard to further scheduling, the Government must provide discovery to all Defendants by **April 14, 2011**. Defendant Presco's request for an extension of the motion-filing deadline is **GRANTED**, and the deadline for filing any pretrial motions is **May 13, 2011**. Responses to motions are due on or before **May 27, 2011**. The parties are to appear before the undersigned for a pretrial conference and motion hearing on any pending motions on **June 1, 2011, at 1:30 p.m.** Any reciprocal discovery is due on this day. Defendant Moore's Motion to Extend Plea Deadline [**Doc. 56**] is **GRANTED**, and the new deadline for completing plea negotiations is **July 26, 2011**. The Court instructs the parties that all motions *in limine* must be filed no later than **August 15, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **August 19, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Presco's Motion to Continue Trial and Extend Motion Cutoff Deadline [**Doc. 57**] is **GRANTED**;

(2) The trial of this matter reset to **August 30, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **April 4, 2011**, and the new trial date of **August 30, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Government must provide discovery to all Defendants by **April 14, 2011**;

(5) Defendant Presco's request for an extension of the motion-filing deadline is **GRANTED**, and the deadline for filing any pretrial motions is **May 13, 2011**;

(6) Responses to pretrial motions are due on or before **May 27, 2011**;

(7) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **June 1, 2011, at 1:30 p.m.** Reciprocal discovery is also due on this day;

(8) Defendant Moore's Motion to Extend Plea Deadline [**Doc. 56**] is **GRANTED**, and the new deadline for completing plea negotiations is **July 26, 2011**;

(9) Motions *in limine* must be filed no later than **August 15, 2011**; and

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **August 19, 2011**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge