IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-08 |
| | ) | |
| MELVIN GARLAND, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## ORDER OF DETENTION

This case came before the Court on April 8, 2011, for a detention hearing pursuant to 18 U.S.C. § 3142(f). Assistant United States Attorney Kelly Ann Norris was present representing the Government. Attorney Wayne Stambaugh was present representing the Defendant, who was also present. The Government sought pretrial detention, arguing that no conditions of release existed that would reasonably assure the safety of the community or the Defendant's presence at trial. The Court heard the testimony of two witnesses for the Government: Postal Inspector Wendy Boles and FBI Special Agent Paul Hughes.

The Defendant is charged [Doc. 43] with one count of conspiracy to distribute and possess with intent to distribute one hundred kilograms or more of marijuana. The Court finds there is probable cause to believe the Defendant committed an offense for which a maximum term of imprisonment of ten years or more may be prescribed. Therefore, the Court finds that pursuant to 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of other persons and the community and no condition

1

or combination of conditions that will reasonably assure the appearance of the person in this Court.

At the detention hearing, the Government presented the testimony of Postal Inspector Wendy Boles. Inspector Boles testified that she became involved with the investigation of the Defendant in her position as a postal inspector investigating narcotics trafficking through the mail. Based on her investigation, Inspector Boles testified that the Defendant was involved in a conspiracy to distribute marijuana and that the Defendant was the organizer of the conspiracy. Inspector Boles testified that on February 8, 2011, the Defendant shipped a package containing marijuana from Tempe, Arizona to Knoxville, Tennessee. Inspector Boles testified that based on interviews with co-defendants, the Defendant would travel from his home in Baltimore, Maryland to Arizona every forty-five days to carry out his part of the drug conspiracy. Moreover, Inspector Boles testified that the Defendant would travel to Knoxville, Tennessee every two to three weeks to visit his mother.

The Government also presented the testimony of FBI Special Agent Paul Hughes. Agent Hughes testified that he became involved in an investigation of the Defendant in 2008. Specifically, Agent Hughes testified that he began investigating the Defendant in July 2008 regarding his alleged involvement in a series of check cashing business robberies in Knoxville, Tennessee.

At the conclusion of the Government's testimony, the Defendant informed the Court that he wished to consent to detention. The Court asked the Defendant a series of questions regarding his consent to detention, and the Defendant maintained that he wished to consent to detention and understood that he would remain in custody until the time of his trial. Therefore, because the Defendant presented no evidence that he would comply with the conditions imposed by this Court, not flee, and not pose a danger to others, the Court finds that the Defendant has failed to rebut the presumption imposed by 18 U.S.C. § 3142(e).

The Court finds that at the hearing the Government produced sufficient evidence to establish the Defendant to be a flight risk and the danger posed to the community from the Defendant's release to be great. Specifically, the Court finds that the Government proved that the Defendant was a risk of flight by a preponderance of evidence and that the Defendant posed a danger to the community by clear and convincing evidence. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community or the Defendant's presence in court. Therefore, the Defendant is **ORDERED** to remain in detention until his trial. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge