UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:11-CR-08-TAV-DCP-6 |
| MELVIN GARLAND, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's motion for a sentence reduction [Doc. 257]. In his motion, defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 750 and Amendment 782 to the United States Sentencing Guidelines Manual. Defendant also requests the appointment of counsel for purposes of this motion for a sentence reduction, as well as his pending motion for compassionate release. The government has responded [Doc. 259]. The government asserts that: (1) defendant is not eligible for relief under Amendment 750, because that amendment was incorporated into the Sentencing Guidelines before his sentencing; (2) defendant is not eligible for relief under Amendment 782 because he was sentenced as a career offender; and (3) defendant's request for counsel is moot based on the Court's standing orders appointing the Federal Defender Services of Eastern Tennessee ("FDSET") to represent defendants in both compassionate release and Amendment 782 motions.

**I. Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

2

Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Analysis

### A. Appointment of Counsel

As an initial matter, to the extent that defendant requests the appointment of counsel for both the instant motion to reduce sentence and his pending motion for compassionate release, such request is unnecessary. This Court has already appointed FDSET to represent any defendant who files a pro se motion for compassionate release,

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B).

*see* E.D. Tenn. Standing Order 19-04, and any defendant eligible for relief under Amendment 782. *See* E.D. Tenn. Standing Order 14-07. Accordingly, defendant's request for appointment of counsel is moot.

### B. Amendment 750

On November 1, 2011, Amendment 750 to the Sentencing Guidelines went into effect. U.S. Sentencing Guidelines Manual app. C, amend. 750. The amendment revised the drug quantity table of section 2D1.1(c) of the Sentencing Guidelines to adjust downward the base offense levels for offenses involving crack cocaine. *Id.* The Sentencing Commission provided that Amendment 750 would have retroactive effect through Amendment 759. *Id.* at app. C, amend. 759.

Defendant was sentenced on December 1, 2011, after Amendment 750 went into effect [Doc. 187]. The presentence investigation report ("PSR") indicates that the 2011 Sentencing Guidelines were used in calculating defendant's guideline range [PSR ¶ 19]. The PSR concluded that, under section 2D1.1(c)(7) of the Sentencing Guidelines, defendant's base offense level for 244 kilograms of marijuana was 26 [*Id.* ¶ 20].[2] This calculation is consistent with the 2011 Sentencing Guidelines, incorporating Amendment 750, which provided for a base offense level of 26 for at least 100 kilograms but less than 400 kilograms of marijuana. *See* U.S.S.G. § 2D1.1(c)(7) (2011). Accordingly, because

---

[2] As discussed in further detail below, although the PSR calculated defendant's base offense level as 26, based on the relevant drug quantity, his total offense level was ultimately based on his status as a career offender, rather than the applicable base offense level for the relevant drug quantity [*See* PSR ¶¶ 20–28].

4

defendant was sentenced consistent with Amendment 750, no sentence reduction is warranted in light of Amendment 750.[3]

### C. Amendment 782

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Even if Amendment 782 were to lower defendant's offense level under Chapter Two, the career-offender provisions of Chapter Four would still apply. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (directing the Court to "leave all other guideline application decisions unaffected"). Section 4B1.1(b) provides that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [as a career offender] shall apply." That was the case here. Defendant's offense level was ultimately determined by his status as a career offender, rather than the drug quantity attributed to him [*See* PSR ¶¶ 20–28].

---

[3] The Court also notes that Amendment 750 would have no effect on defendant's base offense level, as that amendment merely lowered the quantity of crack cocaine necessary to trigger a given base offense level, and left intact the relevant marijuana quantities necessary to trigger certain base offense levels. *Compare* U.S.S.G. § 2D1.1(c)(7) (2010) *with* U.S.S.G. § 2D1.1(c)(7) (2011).

5

Accordingly, the Court lacks jurisdiction under § 3582(c) to modify defendant's sentence. *See, e.g.*, *United States v. Riley*, 726 F.3d 756, 759 (6th Cir. 2013) (stating that "the sentences of career offenders under § 4B1.1 are not based on the § 2D1.1 ranges" (footnote omitted)); *United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013) (noting that defendant's "status as a career offender essentially trumped the range established under the [drug] guidelines"); *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (explaining that "a defendant convicted of [drug] charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on [a retroactive amendment to the drug guidelines]" (internal quotation marks and citations omitted))); *United States v. Perdue*, 572 F.3d 288, 292–93 (6th Cir. 2009) (same).

### III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 257] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE