UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MELVIN GARLAND, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:21-CV-387-TAV-DCP |
| | ) | 3:11-CR-008-TAV-CCS-6 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Melvin Garland has filed[1] a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1; Case No. 3:11-cr-8 ("Criminal Case"), Doc. 269].[2] The government responded in opposition [Doc. 11]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[3] and petitioner's § 2255 motion [Doc. 1; Criminal Case, Doc. 269] will be **DENIED**.

---

[1] Petitioner initially filed this motion as a petition under 28 U.S.C. § 2241 in the District of Maryland [Doc. 1]. However, that court determined that petitioner's request for relief was more appropriately construed as a § 2255 motion, rather than a § 2241 petition [Doc. 7]. Accordingly, the District of Maryland transferred the case to this Court [*Id.*].

[2] All docket citations refer to the civil case unless otherwise indicated.

[3] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

## I. Background

On July 27, 2011, petitioner entered a guilty plea to one count of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Criminal Case, Docs. 100, 107]. The presentence investigation report ("PSR") concluded that petitioner was a career offender under United States Sentencing Guideline § 4B1.1, and enhanced his guideline range accordingly [Doc. 8, ¶¶ 26, 38, 54]. On December 9, 2011, the Court entered a final judgment, sentencing petitioner to 262 months' imprisonment [Criminal Case, Doc. 191]. Petitioner did not appeal.

On August 27, 2020, Petitioner filed the instant § 2255 motion [Doc. 1]. As grounds for relief, petitioner stated that a predicate offense for his classification as a career offender no longer qualifies as a "serious drug offense" [*Id.* at 2, 6].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619,

2

637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

**III. Analysis**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

For purposes of § 2255(f)(1), when a defendant does not file a direct appeal from his conviction, it becomes final on the date on which the time for filing such appeal expired. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Here, that was 14 days after the judgment was entered on December 9, 2011 [Criminal Case, Doc. 191]. *See* Fed. R. App. 4(b)(A) (providing that, in a criminal case, a defendant's notice of appeal must be

3

filed in the district court within 14 days of the entry of judgment). Petitioner's conviction thus became final on December 23, 2011, and his § 2255 motion would be due one year later, on December 23, 2012. Petitioner's § 2255 motion, filed on August 27, 2020, was filed more than 7 years after the limitations period under § 2255(f)(1) expired.

Notably, petitioner does not specifically allege that §§ 2255(f)(2), (f)(3), or (f)(4) apply. However, he does make some reference to "changes in the law," [Doc. 1, p. 6] indicating that he may seek to invoke § 2255(f)(3). But § 2255(f)(3) only permits the statute of limitations to commence on the date a right has been newly recognized by the Supreme Court and made retroactive. And petitioner has not cited to any case law in support of his claim that a change in the law impacts his sentence. Accordingly, the Court cannot assess whether such alleged "changes in the law" meet the criteria set forth in § 2255(f)(3), and therefore petitioner has not established that his § 2255 motion is timely based on the date when a right was newly recognized by the Supreme Court and made retroactive.

For these reasons, the Court finds that petitioner's § 2255 is barred by the AEDPA limitations period, and therefore, his motion will be **DENIED**.

**IV. Conclusion**

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1; Criminal Case, Doc. 269] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any

4

appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE